ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER DATED AUGUST 23, 1990, REQUESTING AN OPINION ON THE ISSUE OF WHETHER OR NOT A COUNTY IS SUBJECT TO ZONING ORDINANCES OF A MUNICIPALITY. FOR REASONS THAT WILL SOON BE READILY APPARENT IT IS NEITHER NECESSARY NOR APPROPRIATE THAT YOUR INQUIRY BE ANSWERED WITH AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
UNTIL 1986, THE OKLAHOMA SUPREME COURT EMPLOYED A RATHER MECHANICAL TEST HOLDING GENERALLY THAT A SUPERIOR SOVEREIGN IS NOT SUBJECT TO LOCAL ZONING REGULATIONS. SEE, MATTER OF SUNTIDE INN MOTEL, 563 P.2D 125 (OKLA. 1977). WHEN CONFRONTED WITH THIS ISSUE OTHER COURTS HAVE RELIED ON VARIOUS TESTS INCLUDING GOVERNMENTAL/PROPRIETARY DISTINCTIONS, SUPERIOR SOVEREIGN, EMINENT DOMAIN AND BALANCING OF INTERESTS.
IN 1986, THE SUPREME COURT REJECTED THE SUNTIDE INN SUPRA, TEST (SUPERIOR SOVEREIGN) AND ADOPTED A BALANCING OF INTERESTS TEST IN THE CASE OF INDEPENDENT SCHOOL DISTRICT NO. 89 OF OKLAHOMA COUNTY V. CITY OF OKLAHOMA CITY, 722 P.2D 1212 (OKLA. 1986). THE COURT ADOPTED A FIVE-PART TEST AS FOLLOWS:
 1) THE NATURE AND SCOPE OF THE INSTRUMENTALITY SEEKING IMMUNITY;
2) KIND OF FUNCTION OR LAND USE INVOLVED;
3) EXTENT OF PUBLIC INTEREST TO BE SERVED;
 4) EFFECT OF LOCAL LAND USE REGULATION WOULD HAVE ON THE ENTERPRISE CONCERNED; AND
5) IMPACT UPON LEGITIMATE LOCAL INTERESTS.
IT SHOULD BE NOTED THAT THIS TEST APPLIES WHERE SPECIFIC LEGISLATIVE INTENT IS LACKING. SEE, INDEPENDENT SCHOOL DISTRICT NO. 89 OF OKLAHOMA COUNTY V. CITY OF OKLAHOMA CITY, 722 P.2D AT 1217. WHERE SPECIFIC LEGISLATION INTENT IS CLEAR, GOVERNMENTAL UNITS HAVE BEEN FOUND TO BE SUBJECT TO VARIOUS ZONING REGULATIONS. SEE E.G., A.G. OPIN. NO. 83-091. I HAVE BEEN UNABLE TO LOCATE ANY SPECIFIC LEGISLATION ENACTMENT PROVIDING THAT COUNTIES ARE SUBJECT GENERALLY TO MUNICIPAL ZONING ORDINANCES, THEREFORE THE INDEPENDENT SCHOOL DISTRICT, SUPRA, TEST WOULD APPEAR TO APPLY.
THE FIVE-PART TEST REQUIRES A SUBSTANTIAL AMOUNT OF EVIDENCE PRESENTED TO A COURT TO ESTABLISH WHETHER GRADY COUNTY IS SUBJECT TO THE CHICKASHA ZONING ORDINANCES. EVIDENTIARY MATTERS SUCH AS THE TAKING OF DOCUMENTARY AND TESTIMONIAL EVIDENCE ARE BEYOND THE SCOPE OF AN ATTORNEY GENERAL'S OPINION WHICH IS LIMITED TO QUESTIONS OF LAW. 74 O.S. 18B. A DISTRICT COURT IS BEST EQUIPPED TO TAKE THE TESTIMONY OF WITNESSES, EXAMINE DOCUMENTS AND WEIGH THE VARIOUS INTERESTS INVOLVED IN ORDER TO APPLY BALANCING TEST MANDATED BY THE SUPREME COURT.
AS YOU REALIZE, THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT IS MERELY MY OPINION OF THE LAW RELATIVE TO YOUR INQUIRY. I DO NO HOPE, HOWEVER, THAT THE ABOVE ANALYSIS HAS BEEN OF USE TO YOU. IF ANY QUESTIONS REMAIN, PLEASE FEEL FREE TO GIVE ME A CALL AT YOUR CONVENIENCE.
(DOUGLAS B. ALLEN)